1   SEYFARTH SHAW LLP
    Christian J. Rowley (SBN 187293)
2   E-mail: crowley@seyfarth.com
    Andrew M. McNaught (SBN 209093)
3   E-mail: amcnaught@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California 94105
    Telephone: (415) 397-2823
5   Facsimile: (415) 397-8549

6   Attorneys for Defendant
    WHOLE FOODS MARKET CALIFORNIA, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  DAN BARTLETT                          )   Case No.
                                          )
11             Plaintiff,                 )   **DEFENDANT'S NOTICE OF**
                                          )   **REMOVAL OF CIVIL ACTION**
12      vs.                               )
                                          )   **[28 U.S.C. §§ 1331, 1441(B); 29 U.S.C. §**
13  WHOLE FOODS MARKET CALIFORNIA,        )   **1132**
    INC. a California corporation, and DOES 1-20, )
14  inclusive,                            )   **FEDERAL QUESTION**
                                          )
15             Defendants.                )
                                          )   Complaint filed: March 19, 2010
16                                        )

17

18      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

19  **NORTHERN DISTRICT OF CALIFORNIA**:

20          PLEASE TAKE NOTICE that defendant WHOLE FOODS MARKET CALIFORNIA,

21  INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of the

22  State of California in and for the County of San Francisco, to the United States District Court for

23  the Northern District of California, pursuant to 28 U.S.C. sections 1331 and 1441(b), and 29

24  U.S.C. section 1132. Defendant hereby files this Notice in support of Removal. Defendant

25  makes the following showing in support of this Removal:

26                      **PLEADINGS AND PROCEEDINGS TO DATE**

27          1.      Plaintiff Dan Bartlett filed his Complaint in this action in the Superior Court of

28  the State of California, in and for the County of San Francisco, on March 19, 2010, Case No.

1   CGC-10-497928, alleging causes of action for: (1) violation of the Americans with Disabilities

2   Act; (2) negligence; (3) violation of the Unruh Act; (4) intentional infliction of emotional

3   distress; (5) negligent infliction of emotional distress; and (6) violation of Business &

4   Professions Code § 17200. (A true and correct copy of the Complaint is attached hereto as

5   **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).)

6       2.       Plaintiff served his Complaint on Defendant on September 29, 2010. (A true and

7   correct copy of the Service of Process Transmittal is attached hereto as **Exhibit B**). This Notice

8   of Removal is filed within 30 days of service of the Complaint on Defendant. Thus, removal is

9   timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a). *See also,*

10  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (removal is

11  timely if made within 30 days after complaint is served on defendant).

12                          **FEDERAL QUESTION JURISDICTION**

13      3.       This Court has original jurisdiction of this action under 28 U.S.C. section 1331

14  over the claims brought by Plaintiff, and thus this case may be removed by Defendant pursuant

15  to 28 U.S.C. section 1441. Under 28 U.S.C. section 1331, "[t]he district courts shall have

16  original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

17  United States."

18      4.       Federal question jurisdiction arises out of the fact that Plaintiff alleges

19  Defendant's actions towards him violated the Americans with Disabilities Act ("ADA"), 42

20  U.S.C. § 12101, *et seq.* (Complaint ¶¶ 26-30.) As such, this action arises under the Constitution,

21  laws, or treaties of the United States, rendering federal question jurisdiction proper.

22      5.       Pursuant to 28 U.S.C. section 1367(a), the Court has supplemental jurisdiction

23  over Plaintiff's remaining claims because they are substantially related to, and arise out of, the

24  same nucleus of operative facts as Plaintiff's claims arising under the ADA such that they should

25  all should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709,

26  714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the

27  litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See*

28  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966).

1

**VENUE/INTRADISTRICT ASSIGNMENT**

2     6.     Venue lies in the United States District Court for the Northern District of

3  California pursuant to 28 U.S.C. § 1441(a) because the state court action was filed in this

4  District. Pursuant to Civil Local Rule 3-2(c) and (d), this case should be assigned to the San

5  Francisco or Oakland Division of this Court, as a substantial part of the alleged events giving rise

6  to the case are alleged to have occurred within the County of San Francisco. (Complaint, ¶¶ 1-

7  21).

8     7.     Defendant will give notice of the filing of this Notice of Removal to Plaintiff and

9  to the Clerk of the Superior Court of California in and for the County of San Francisco.

10

11     WHEREFORE, Defendant prays that this civil action be removed from the Superior

12  Court of California in and for the County of San Francisco to this Court.

13

14

15
DATED: October 29, 2010                    SEYFARTH SHAW LLP
16

17
                                           By
18                                             Christian J. Rowley
                                               Andrew M. McNaught
19
                                           Attorneys for Defendant
20                                         WHOLE FOODS MARKET CALIFORNIA,
                                           INC.
21

22

23

24

25

26

27

28

12831938v.1 / 35818-000061                    3
DEFENDANT'S NOTICE OF REMOVAL / Case No.



SUMMONS ISSUED

# FILED

San Francisco County Superior Court

MAR 1 9 2010

CLERK OF THE COURT

BY: _Olive Rott_
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

1  Andrew Dimitriou, S.B. # 187733
   Hanesther Kim,
2  Dimitriou & Associates
   180 Montgomery Street, Suite 2200
3  San Francisco, CA 94104
   Telephone:    (415) 434-1144
4  Facsimile:    (415) 434-1155

5  Attorney for Plaintiff ~~Andry Williams~~
                    DAN BARTLETT AD

AUG 2 0 2010 - 9:00 AM

6                                         DEPARTMENT 212

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

10                        UNLIMITED CIVIL JURISDICTION

11

12  Dan Bartlett                          Case No.   CGC-10-497928

13                          Plaintiff,    COMPLAINT FOR DAMAGES

14        vs.

15  WHOLE FOODS MARKET
    CALIFORNIA, INC. a California
16  corporation, and DOES 1-20, inclusive,

17                          Defendants.

18        Plaintiff alleges,

19                        **GENERAL ALLEGATIONS**

20  1.    Plaintiff, Dan Bartlett was and is at all times mentioned in this complaint a resident of the

21        City and County of San Francisco, California.

22  2.    On information and belief Defendant, WHOLE FOODS MARKET CALIFORNIA,

23        INC was and is at all time mentioned in this complaint a corporation organized in the

24        State of California.

25  3.    The true names and capacities, whether individual, corporate, associate or otherwise, of

26        Defendants DOES 1 through 20, Inclusive, are unknown to Mr. Bartlett who therefore sue

27        said Defendants by such fictitious names.  Mr. Bartlett is informed and believes and

28        based thereon alleges that each of DOES 1 through 20, Inclusive, is and at all material

COMPLAINT

1   times was responsible, whether by virtues of said Defendants' acts, omissions,

2   concealment, warranties, representations, conduct, or otherwise, for the matters his

3   einafter alleged. Appropriate amendments will be sought when the true names and

4   capacities have been ascertained. Mr. Bartlett is informed and believes and based thereon

5   alleges that each Defendant was an agent and employee of the other Defendants and at all

6   material times acted within the scope of said agency and cmployment.

7   4.   Defendants, and each of them, are owners or agents of Whole Foods grocery stores.

8   5.   Mr. Bartlett is a individual who is disabled within the meaning of Civil Code § 54 et seq.

9   6.   Mr. Bartlett is also an individual who is disabled within the meaning of 28 CFR 36.301

10  7.   Mr. Bartlett owns an animal which qualifies as a service animal within the meaning of 28

11       CFR 36.302.

12  8.   On two occasions, Mr. Bartlett entered the Whole Foods store at 399 4th Street on or

13       about June 2008.

14  9.   On both occasions the shift manager told Mr. Bartlett that he could not have his service

15       dog in the child seat of the grocery cart.

16  10.  The shift managers did not give any substantive reason.

17  11.  One of the times, the shift manager called the San Francisco Police Department to have

18       Mr. Bartlett forcefully removed from the store.

19  12.  This

20  13.  Mr. Bartlett did no action to justify police involvement.

21  14.  Mr. Bartlett left when requested.

22  15.  Mr. Bartlett contacted Whole Foods regarding the incidents.

23  16.  Whole Food's corporate office replied, but failed to properly address the issue.

24  17.  The service dog was in no manner adversely affecting the food safety or sanitation of

25       anything in the store.

26  18.  Whole Foods allows each store discretion regarding applying accommodations for service

27       dogs.

28  19.  Mr. Bartlett's counsel contacted Defendants to request that Whole Foods comply with the

1    A.D.A. and its California counter part.

2    20.   Mr. Bartlett's counsel outlined the issues regarding the service animal, requested

3          corrective measures to be put in place.

4    21.   Defendants without legal cause required Mr. Bartlett to provide evidence supporting the

5          need for his service animal.

6    22.   Defendants refused to permit Mr. Bartlett to use his service dog in the manner necessary

7          for the service dog to perform its duties for Mr. Bartlett until he provided a letter of

8          explanation.

9    23.   Other individuals continue to face the same discrimination.

10   24.   Defendants refused to alter their policy and continue to do so.

11   25.   Defendants still refused to take any corrective action regarding policies and procedures,

12         and refused to reimburse Mr. Bartlett for his expenses or damages.

13                                   **FIRST CAUSE OF ACTION**
                                    **AGAINST ALL DEFENDANTS**
14                                   **(VIOLATION OF THE A.D.A.)**

15   26.   Mr. Bartlett incorporate Paragraphs 1 through 23 by reference as though set forth in full

16         herein.

17   27.   Defendants actions violated and continue to violate the A.D.A. codified in 42 USCA §

18         12101 et seq.

19   28.   Defendants continue to refuse to make any changes to their policies or procedures.

20   29.   At all material times, Defendants and each of them knew that they were violating the

21         A.D.A., in an manner including but not limited to as described above, and that damage to

22         Mr. Bartlett  would result from such violations.

23   30.   Accordingly, Mr. Bartlett is entitled to all appropriate relief, including attorney's fees, and

24         costs of suit as well as any other relief deemed appropriate by the Court.

25                                  **SECOND CAUSE OF ACTION**
                                    **AGAINST ALL DEFENDANTS**
26                                   **(NEGLIGENCE)**

27   31.   Mr. Bartlett incorporate Paragraphs 1 through 23 by reference as though set forth in full

28         herein.

COMPLAINT                                        3

1    32.    Defendants owed Mr. Bartlett a duty to provide reasonable accommodations, make any

2          adjustments to policies or procedures to ensure that all disabled individuals had access to

3          all stores and locations accessible to the public.

4    33.    Defendants violated these duties in a manner including but not limited to as described

5          above.

6    34.    As a proximate and legal result of Defendants' violation of their duties to Mr. Bartlett,

7          Mr. Bartlett was damaged.

8    35.    Mr. Bartlett has been damaged in an amount to be determined at trial.

9          **THIRD CAUSE OF ACTION**
             **AGAINST ALL DEFENDANTS**
10         **(BREACH OF THE UNRUH ACT)**

11    36.    Mr. Bartlett incorporate Paragraphs 1 through 23 reference as though set forth in full

12          herein.

13    37.    Defendants' failure to act in a reasonable and prudent manner as set forth above

14          violates Civil Code § 51 et seq.

15    38.    Specifically, but not limited to Defendants' request that Mr. Bartlett leave the premises

16          of the store without legal cause.

17    39.    This act constitutes discrimination against Mr. Bartlett by refusing to permit him to

18          shop at the store because of his disability which is prohibited by Civil Code § 51.5.

19    40.    As a legal result and a proximate result, Mr. Bartlett sustained damages according to

20          proof.

21    41.    Additionally, Mr. Bartlett has incurred attorney's fees and costs.

22    42.    Mr. Bartlett is entitled to all the rights and remedies, including but not limited to

23          trebble damages, and statutory as set forth in Civil Code § 52 et seq.

24          **FOURTH CAUSE OF ACTION**
             **AGAINST ALL DEFENDANTS**
25    **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

26    43.    Mr. Bartlett incorporate Paragraphs 1 through 23 by reference as though set forth in full

27          herein.

28    44.    Defendants and each of them know, and at all material times knew, of Mr. Bartlett's

1    personal circumstances, as well as the great emotional distress he would suffer and has

2    suffered by reason of Defendants' actions.

3    45.   Mr. Bartlett are informed and believe and based thereon allege that such conduct was

4          done intentionally and maliciously, beyond all bounds of societal decency, with the intent

5          and purpose of causing Mr. Bartlett to suffer humiliation, mental anguish, and emotional

6          and physical distress, and in wanton and reckless disregard of the consequences to Mr.

7          Bartlett and to his legal rights.

8    46.   By reason of the repeated requests by Defendants to justify the use of the service animal

9          without just cause, the refusal to take any corrective measures regarding the requests that

10         Mr. Bartlett leave the store because of his exercise of his legal right to have a service dog

11         in the child seat of the grocery cart, and as a legal and proximate result thereof, Mr.

12         Bartlett suffered great mental distress all to his  damage.

13   47.   As a legal and proximate result thereof, Mr. Bartlett has suffered, and continue to suffer,

14         humiliation, mental anguish, and emotional and physical distress, all to his damage in

15         such amount as may be determined at time of trial.

16   48.   The conduct of said Defendants was and is fraudulent, malicious, and oppressive within

17         the meaning of Civil Code §3294, and accordingly Mr. Bartlett seeks punitive damages in

18         such amount as may be established at time of trial.

19                              **FIFTH CAUSE OF ACTION**
                              **AGAINST ALL DEFENDANTS**
20                 **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

21   49.   Mr. Bartlett incorporate Paragraphs 1 through 23  by reference as though set forth in full

22         herein.

23   50.   Defendants had a duty to comply with California and Federal disabilities laws.

24   51.   Defendants knew, or should have known, that the failure to exercise due care in the

25         performance of the agreement with Mr. Bartlett would cause Mr. Bartlett severe

26         emotional distress.

27   52.   Upon information and belief, Defendants failed to exercise the due care required of them

28         by violating the agreement in wanton and reckless disregard of the consequences to Mr.

1 | Bartlett and his legal rights, in bad faith, and without just cause or excuse.

2 | 53. Defendants know, and at all material times knew, of Mr. Bartlett's personal

3 | circumstances, as well as the great emotional distress she would suffer and has suffered

4 | by reason of the foregoing conduct.

5 | 54. As a direct and proximate result of Defendants attempt to terminate the tenancy

6 | agreement, Mr. Bartlett suffered, and continue to suffer, humiliation, mental anguish, and

7 | emotional and physical distress, all to his damage in such amount as may be determined

8 | at time of trial.

9
10

**SIXTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(BUSINESS AND PROFESSIONS CODE §17200)**

11 | 55. Mr. Bartlett incorporate Paragraphs 1 through 23 by reference as though set forth in full

12 | herein.

13 | 56. The actions of Defendants and each of them constitutes an unlawful business act or

14 | practice, as such term is defined by California Business and Professions Code Section

15 | 17200, *et seq.*, in that it violates Chapter 37 of the San Francisco Administrative Code, in

16 | that it violates the lawful regulations promulgated by the San Francisco Rent Board, and

17 | in that it is a breach of contract.

18 | 57. The actions of Defendants and each of them constitutes an unfair business act or practice,

19 | as such term is defined by California Business and Professions Code Section 17200, *et*

20 | *seq.*

21 | 58. The actions of Defendants and each of them constitutes a fraudulent business act or

22 | practice, as such term is defined by California Business and professions Code Section

23 | 17200, *et seq.*

24

**PRAYER FOR JUDGMENT**

25 | **WHEREFORE**, Mr. Bartlett pray for judgment against Defendants and each of them,

26 | as follows:

27 | On the First Cause of Action, an injunction against defendants preventing defendants

28 | from interfering with any service animal, and to make reasonable accommodations to their

1 | practices and procedures to so as to afford full access to the goods and services of defendants;

2 | On the Second Cause of Action, for judgment for $100,000.00 in actual damages, or

3 | such greater amount as may be established at time of trial;

4 | On the Third Cause of Action, an injunction against defendants preventing defendants

5 | from interfering with any service animal, and to make reasonable accommodations to their

6 | practices and procedures to so as to afford full access to the goods and services of defendants,

7 | statutory damages as provided by Civil Code § 51 et seq., including but not limited to

8 | statutory and treble damages;

9 | On the Fourth Cause of Action for judgment for actual damages an amount to be

10 | determined at trial, and for punitive damages;

11 | On the Fifth Cause of Action, for actual damages in an amount to be determined at

12 | trial;

13 | On the Sixth Cause of Action, for judgment for $500,000 in actual damages, or such

14 | greater amount as may be established at time of trial, an amount to be determined at trial;

15 | On all Causes of Action, for reasonable attorney fees where permitted, costs, and

16 | interest, and for such other and further relief, whether declaratory, injunctive, or otherwise, as

17 | the Court may deem proper.

18 | Dated: November 12, 2009          Dimitriou & Associates, P.C.

19 |

20 |

21 |                               By:_____

                               Andrew Dimitriou

22 |                                Attorney for Dan Bartlett

23 |

24 |

25 |

26 |

27 |

28 |



 **CT Corporation**

**Service of Process Transmittal**
09/29/2010
CT Log Number 517357093

TO: Roberta Lang
Whole Foods Market, Inc.
550 Bowie Street
Austin, TX 78703

RE: **Process Served in California**

FOR: Whole Foods Market California, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dan Bartlett, Pltf. vs. Whole Foods Market California, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | San Francisco County, Superior Court, CA<br>Case # CGC-10-497928 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of disability - Seeking injunction against Dfts. preventing Dfts. from interfering with any service animal |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2010 at 08:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Hanesther Kim<br>Dimitriou & Associates<br>180 Montgomery Street, Suite 2200<br>San Francisco, CA 94104<br>415-434-1144 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/29/2010, Expected Purge Date: 10/04/2010<br>Image SOP<br>Email Notification, Email Process SOP@WHOLEFOODS.COM<br>Email Notification, Roberta Lang Sarah.Krause@wholefoods.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.