Andrew Dimitriou, S.B. # 187733
Hanesther Kim, S.B. #260350
Dimitriou & Associates, P.C.
180 Montgomery Street, Suite 1250
San Francisco, CA 94104
Telephone:    (415) 434-1144
Facsimile:    (415) 434-1155

Attorney for Plaintiff Dan Bartlett

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dan Bartlett<br><br>          Plaintiff,<br><br>     vs.<br><br>WHOLE FOODS MARKET CALIFORNIA,<br>INC. a California corporation, and DOES 1-<br>20, inclusive,<br><br>          Defendants. | Case No. CV10-04922 JSW<br><br>AMENDED MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT OF<br>PLAINTIFF DAN BARTLETT'S MOTION<br>TO SET ASIDE ENTRY OF ORDER OF<br>DISMISSAL<br><br>[FED. R. CIV. P. 60(b)]<br><br>Date: July 1, 2011<br>Time: 9:00 a.m.<br>Judge: Jeffrey S. White<br>Courtroom: 11, 19th Fl<br><br>Complaint filed: March 19, 2010 |

## INTRODUCTION

Plaintiff Dan Bartlett ("Plaintiff") moves to set aside the Order to Dismiss Without Prejudice entered with this Court on December 14, 2010 ("Order") on the grounds that Plaintiff has not been served with Notice to Dismiss, Motion to Dismiss, Order to Show Cause, Order, nor with any other underlying papers or pleadings regarding this matter. Due to the fact that Plaintiff has not been served, Plaintiff has not had the opportunity to file any responsive pleadings. Now Plaintiff timely submits this Motion to Set Aside Entry Of Order of Dismissal previously granted

1  to Defendant Whole Foods Market California Inc. ("Defendant") and, if necessary, any motion

2  for default judgement that may be pending at the time this motion is heard. If the Order is not set

3  aside, Plaintiff will be denied his date in court. The Order should be set aside to facilitate a

4  resolution on the merits.

## STATEMENT OF FACTS

6        On March 19, 2010, Plaintiff filed Complaint for Damages with the San Francisco

7  Superior Court as Case No.  CGC-10-497928 ("Complaint"). In the Complaint, Plaintiff alleges

8  he is disabled within the meaning of Civil Code § 54 et seq. and 28 CFR 36.301. In the

9  Complaint Plaintiff alleges he owns an animal which qualifies as a service animal within the

10  meaning of 28 CFR 36.302. In the Complaint Plaintiff alleges Defendant suffered discrimination

11  within the meaning of the disability laws. Prior to Plaintiff filing this lawsuit, Plaintiff contacted

12  Defendant to resolve the matter. Defendant failed to properly address and remedy the issue. In

13  the Complaint Plaintiff alleges Defendant breached and continue to breach disability laws. In the

14  Complaint Plaintiff alleges Defendant was damages by Defendant's conduct.

15        On or about October 29, 2010, Defendant moved the above captioned case to the U.S.

16  District Court, California Northern District. On December 14, 2010, the Court entered Order Of

17  Dismissal Without Prejudice. Only now Plaintiff realizes the Order was entered. To this day

18  Plaintiff has not been served with Defendant's Motion for Dismissal, Notice for Dismissal,

19  Order, or any other underlying papers or pleadings regarding this matter. Plaintiff's counsel has

20  been diligently prosecuting his matter. Plaintiff's counsel interviewed other individuals that

21  Plaintiff believes suffer from similar misconduct of Defendant. To the best of Plaintiff's

22  knowledge, Plaintiff initiated discovery on Defendant. To the best of Plaintiff's knowledge,

23  Defendant has not responded to any of the Plaintiff's discovery requests. Moreover, Plaintiff's

24  counsel recently moved. Plaintiff's counsel served a change of address on Defendant. Plaintiff's

25  counsel has been receiving all mail to the new address, yet has not received, nor has been served

26  with any Motion, Notice, Order to Show Cause, nor Order of the Dismissal.  Plaintiff's counsel

27  maintains numerous open litigation cases and reviews them regularly. To the best of Plaintiff's

28

1  knowledge, in December 2010, the Court had incorrect email address on file. This incorrect

2  email address is not in use. There is no means to check any emails directed to this email address.

3  To the best of Plaintiff's knowledge, any email sent to this incorrect email address bounces back

4  as "undeliverable." Approximately two years ago, well prior to December 2010, Plaintiff's

5  counsel attempted to update the email address, but the Court did not registered the update. There

6  was a transition of counsel at the Plaintiff's office. The new counsel discovered the Order of

7  Dismissal while familiarizing herself with the case and reviewing the Court's docket. Counsel

8  immediately contacted the opposing counsel notifying the counsel of not receiving service of the

9  underlying papers. The opposing counsel has not responded to Plaintiff's counsel request for

10  stipulation for setting aside the Order.

11  <center>**ARGUMENT**</center>

12  **I.      GENERAL STATEMENT**

13        F.R.C.P. 60(b) allows this Court to "relieve a party or its legal representative from a final

14  judgment, order, or proceeding. The pertinent part of F.R.C.P. 60(b) grants this Court discretion

15  to relieve Plaintiff of this entry of default based on "mistake, inadvertence, surprise or excusable

16  neglect." A motion under Rule 60(b) must be made within a reasonable time ... no more than a

17  year after the entry of the judgment or order or the date of the proceeding. F.R.C.P. 60(c)(1).

18        Thought this Court has discretion when applying these rules, as a general matter, F.R.C.P.

19  60(b) is "remedial in nature" and "must be liberally" applied. *Falk v. Allen*, 739 F.2d 461, 463

20  (10th Cir.1984).

21        Dismissal of a case is analogous to default judgments, therefore the Court should consider

22  the same principles as when setting aside entry of defaults. F.R.C.P. 50(c) allows the Court to set

23  aside an entry of default for good cause and it may set aside a default judgment under Rule 60(b).

24  When applying F.R.C.P. 60(b) specifically to entry of default and default judgments, "a case

25  should, whenever possible, be decided on the merits" because default judgments are only

26  "appropriate" in "extreme circumstances." Id. The finality achieved through entry of default

27  should readily give way to the competing interests in reaching the actual merits of a lawsuit. *TCI*

28

1    *Group Life Insurance Plan v. Knoeber*, 244 F.3d 691, 696 (9th Cir. 2001). Satisfaction of

2    F.R.C.P. 60(b) justifies relief of default because Court's and the parties' interests in deciding a

3    case correctly based on legal and factual merit outweigh the corresponding interests in finality of

4    the entry of dismissal. *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985).

5    **II.    THE COURT SHOULD SET ASIDE ORDER OF DISMISSAL, BECAUSE OF PLAINTIFF'S EXCUSABLE NEGLECT AND INADVERTENT ERROR**

6           Plaintiff's failure to file a responsive pleading to Motion to Dismiss filed by the

7    Defendant was due to an excusable neglect and inadvertent error.

8           To this day Plaintiff has not been served with the Motion, the Order, nor with any other

9    pleadings filed with this Court regarding this matter. Only now Plaintiff realized that the Court

10   entered the Order Of Dismissal. The Order, in its pertinent parts, reads: "Plaintiff failed to file a

11   timely response to the Order to Show Cause. Accordingly, the Court hereby dismisses this case

12   without prejudice for failure to prosecute."

13          The Plaintiff's failure to file a timely response to the Order to Show Cause, was because

14   Plaintiff was not aware of the Order to Show Cause. Plaintiff has not been served with the Order

15   to Show Cause. Plaintiff has not been served with Defendant's Motion to Dismiss.

16          Plaintiff's counsel recently moved. Plaintiff's counsel served a change of address on

17   Defendant. Plaintiff has been receiving all mail to the new address, yet has not received, nor has

18   been served with any Motion, Notice, Order to Show Cause, nor Order of the Dismissal. There

19   was a transition of counsel at the Plaintiff's office. The new counsel discovered the Order of

20   Dismissal while familiarizing herself with the case and reviewing the Court's docket. Plaintiff's

21   counsel maintains multiple of open cases and failure to respond to Defendant's Motion for

22   Dismissal is an inadvertent error.

23          Plaintiff has been diligently prosecuting this case. To the best of Plaintiff's knowledge

24   Plaintiff served discovery on the opposing party. Defendant has not responded to the discovery,

25   nor notified the Plaintiff of the pending Motion to Dismiss.

26          Plaintiff's counsel maintains an active dockets of multiple of cases and Plaintiff alleges it

27   was an inadvertent oversight and excusable that lead to enter of the Order.

28          Plaintiff only now realizes Defendant moved the Court to dismiss the case and that the

1    Court entered Order to Dismiss. Plaintiff immediately filed with Court a Notice of Change of

2    Address. Plaintiff has taken immediate steps to rectify by contacting the opposing counsel to

3    stipulate to set aside the Order. The opposing counsel has not responded. Now Plaintiff moves

4    this Court to set aside the Order, as not to deprive Plaintiff of his day in court.

5        Therefore, this Motion should be granted.

6    **III.   THE COURT SHOULD SET ASIDE THE ORDER OF DISMISSAL, BECAUSE PLAINTIFF'S MOTION TO SET ASIDE THE ORDER IS TIMELY**

7        F.R.C.P. states: "A motion under Rule 60(b) must be made within a reasonable time ... no

8    more than a year after the entry of the judgment or order" What constitutes "reasonable time" for

9    purposes of Fed. R. Civ. P. 60(b) depends upon the facts of each case, taking into consideration

10   the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of

11   the grounds relied upon, and prejudice to other parties *Gravatt v. Paul Revere Life Ins. Co.*, 101

12   Fed. Appx. 194, 196 (9th Cir. Ariz. 2004)

13       The Order to Dismiss was entered on December 12, 2010. Plaintiff moves this court after

14   approximately 4 1/2 months to set aside the Order to Dismiss. Plaintiff is well within the time-

15   limits of the Rule 60(b).

16       The interest in finality weights against Defendant, because the Order which Plaintiff

17   seeks relief from can be quickly undone. The Order was not entered based on the merits on the

18   case, but due to inadvertence and excusable neglect. The reasons for delay are explained herein

19   and Plaintiff has taken immediate steps to rectify the matter. Plaintiff asserts that he could not

20   have learnt of the Order sooner, as Plaintiff has not been served with the Order, nor with any

21   other pleadings related herein. Only once Plaintiff reviewed the case's docket has Plaintiff learnt

22   of the Order. There would be gross prejudice to Plaintiff, if the Order is not set aside. Plaintiff

23   suffered damages as asserted in his Complaint due to Defendant's illegal misconduct. Plaintiff

24   has not had the opportunity in court to present his case and pursue his meritorious claims against

25   Defendant, as the Order was granted based on failure to timely respond and not based on

26   evidence or underlying law.

27       Because this Motion is within reasonable time and timely, the Court should grant this

28   Motion and set aside the Order.

**IV.   THE COURT SHOULD SET ASIDE THE ORDER OF DISMISSAL, BECAUSE PLAINTIFF HAS MERITORIOUS CLAIMS AND THE COURT SHOULD FACILITATE RESOLUTION ON THE MERITS**

Just as default judgments are disfavored, by analogy dismissals of cases should be disfavored. "[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits (e.g., Patapoff v. Vollstedt's Inc.(9th Cir. 1959) 267 F.2d 863, 865; 6 J. MOORE, FED. PRAC., para. 55.10[1])....where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits" *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. Cal. 1974).

Although a default judgment has not been entered in this case, the Court should consider the same principles for this Motion, as not to deprive Plaintiff of his day in court. Plaintiff filed this case with the San Francisco Superior Court. Defendant moved the case to this Court. Plaintiff has not had the opportunity to prosecute his claims against Defendant, as Defendant has moved for dismissal prior to filing an answer, prior to Plaintiff having the opportunity to response to Defendant's Motion to Dismiss, or prior to Court having the opportunity to hear Plaintiff's arguments.

Plaintiff is a disabled individual within the meaning of California Civil Code § 54 et seq. Plaintiff is an individual who is disabled within the meaning of 28 CFR 36.301. Plaintiff owns an animal which qualifies as a service animal within the meaning of 28 CFR 36.302. Plaintiff believes Whole Foods violated disability law. Plaintiff has taken steps in prosecuting his claims. Plaintiff has contacted and interviewed other individuals who Plaintiff believes where similarly mistreated by the Defendant in violation of disability laws.

This court entered order to dismiss prior to Plaintiff's opportunity to present to the Court pertinent law and evidence. Plaintiff believes a gross injustice would result if the Court does not set aside its Order to Dismiss. Therefore this Court should grant this Motion and set aside the Order.

**CONCLUSION**

Plaintiff timely moves this Court to set aside its Order to Dismiss. Plaintiff believes he

1   has meritorious claims against Defendant and Plaintiff has not had the day in court to present his

2   claims against Defendant. Plaintiff has not been served with Motion to Dismiss, nor the Order to

3   Dismiss, and only now realizes there is Order to Dismiss. For these reasons Plaintiff respectfully

4   moves this Court to grant this Motion.

5

6

7   Dated: May 12, 2011              By:    /s/ Andrew Dimitriou_____

8                                    Andrew Dimitriou
                                   Attorney for Dan Bartlett

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28