**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BARTLETT,<br><br>    Plaintiff,<br><br>  v.<br><br>WHOLE FOODS MARKET,<br><br>    Defendant.<br>_____/ | No. C 10-04922 JSW<br><br>**ORDER DENYING MOTION TO SET ASIDE ENTRY OF ORDER OF DISMISSAL** |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Set Aside Entry of Order of Dismissal, filed by Plaintiff, Dan Bartlett ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for July 1, 2011, and HEREBY DENIES Plaintiff's motion.

## BACKGROUND

On March 19, 2010, Plaintiff filed his Complaint in the Superior Court of the State of California in and for the County of San Francisco. Defendant, Whole Foods Market California, Inc. ("Defendant") removed the action on October 29, 2010.

On November 9, 2010, Defendant filed a motion to dismiss, which was noticed for hearing on December 17, 2010. Plaintiff failed to file a timely opposition to the motion. Accordingly, on December 16, 2010, the Court issued an Order to Show Cause directing Plaintiff to show cause, by December 13, 2010, as to why this case should not be dismissed for

1  failure to prosecute.  In that Order, the Court advised Plaintiff that failure to file a timely
2  response to the Order to Show Cause would result in dismissal without prejudice without
3  further notice.  Plaintiff failed to file a timely response to the Order to Show Cause.
4  Accordingly, on December 14, 2010, the Court dismissed the action without prejudice ("Order
5  of Dismissal").

6  Plaintiff now moves to set aside the Order of Dismissal on the basis that he, through his
7  counsel, was never served with a copy of Defendant's motion to dismiss or any of the
8  subsequent orders issued by this Court, including the Order of Dismissal.  Specifically,
9  Plaintiff's counsel attests that "[t]o the best of [his] knowledge, in December 2010, the Court
10 had my incorrect email address on file.  This incorrect email address is not in use. ... To the best
11 of my knowledge, any email sent to this incorrect email address bounces back as
12 'undeliverable.'  Approximately two years ago, well prior to December 2010, I attempted to
13 update my email address, but the Court did not register[] the update." (Declaration of Andrew
14 Dimitriou ("Dimitriou Decl."), ¶ 6.)  According to the docket, the email address to which the
15 Notice of Removal, Motion to Dismiss, the Order to Show Cause and the Order of Dismissal
16 were sent is "andrew@dimitriou.biz."

**ANALYSIS**

18 Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b).  Under Rule
19 60(b)(1), a court may "relieve a party or a party's legal representative from a final judgment,
20 order or proceeding" ... based on "mistake, inadvertence, surprise, or excusable neglect."  Fed.
21 R. Civ. P. 60(b)(1); *see also Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038,
22 1043 (9th Cir. 1992) ("To qualify for relief under Rule 60(b)(1), the movant must demonstrate
23 mistake, inadvertence, surprise, or excusable neglect.") (quotations and citation omitted).  The
24 Ninth Circuit has made clear that "[n]either ignorance nor carelessness on the part of the litigant
25 or his attorney provide grounds for relief under Rule 60(b)(1)."  *Id*.  A motion under Rule
26 60(b)(1) must be made within a "reasonable time" and no later than a year after the entry of the
27 order.  Fed. R. Civ. P. 60(c)(1).

28

Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than one year after judgment was entered. The rule "guides the balance between the overriding goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (citing *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985)). This rule fashions the balance by limiting the reasons upon which relief from judgment may be granted and by setting the time by which a party may seek relief, while also providing district courts "with discretion within those limits to undo the finality of judgments in order to reach the merits of questions that have been decided wrongly or not at all." *Id.*

With respect to Plaintiff's primary factual argument in support of his motion, the Court has verified that the email notification of the filing of the Notice of Removal, Defendant's motions, the Order to Show Cause, and the Order of Dismissal bounced back and, thus, were not delivered to the email address listed for counsel at that time. However, General Order 45.IX.A provides that "the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals."

Plaintiff's counsel does not contend that he believed that the case remained pending in Superior Court. In addition, Plaintiff's counsel offers no explanation as to why he did not check the Court's docket to review the progress of the case until approximately six months after the case had been removed to this Court.[1] Plaintiff has not put forth any admissible evidence that shows he has been diligent about prosecuting this case. The Court recognizes the strong preference for resolving cases on the merits. It also recognizes that Defendant has not demonstrated that it would be prejudiced if the Court granted Plaintiff's motion. However, based upon the record before it, the Court cannot say that Plaintiff or his counsel has

---

[1] The Court disregards Plaintiff's unsupported assertions that he has propounded discovery on Defendant and that he discovered the Order when "new" counsel was familiarizing herself with the case. Plaintiff has not identified the "new" counsel and it appears that the same counsel listed as counsel of record on the Complaint are listed as counsel of record on the motion papers.

3

1 demonstrated facts to establish mistake or inadvertence, rather than *in*excusable neglect or
2 carelessness, for his failure to file a timely opposition to Defendant's motion to dismiss and to
3 the Court's order to show cause.  Therefore, the Court DENIES Plaintiff's motion.  The Court
4 dismissed this case without prejudice, and the Court does not revisit that ruling.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to set aside the Order of Dismissal is DENIED.

**IT IS SO ORDERED.**

Dated: June 10, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE